# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLIFFORD DOLEMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7059** |
| **N. BURL CAIN, WARDEN** | **SECTION "I"(6)** |

## TRANSFER ORDER

Petitioner, CLIFFORD DOLEMAN, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2001 state court conviction and sentence for armed robbery. To support his challenge, petitioner asserts the following grounds for relief:

1) The State failed to preserve potentially exculpatory evidence in violation of the Fourteenth Amendment;

2) He was denied due process, judicial review, equal protection and access to the courts when the Louisiana Fifth Circuit Court of Appeal deprived him of the right to have his writ application reviewed by a three-judge panel;

3) Petitioner is actually innocent based on the newly discovered evidence.

A review of this Court's records reflects that petitioner filed a petition for writ of habeas corpus related to this same conviction and sentence entitled, Clifford Doleman v. Burl Cain,

Warden, Civil Action 03-3596 "I"(6). In that petition, petitioner raised the following grounds for relief:

1) The prosecution knowingly presented the false or perjured testimony of Neville Payne, Stanley Saulney, and James Adams, to obtain a conviction.

That petition was dismissed with prejudice on the merits by Judgment entered September 24, 2004. Petitioner appealed the judgment. His appeal was dismissed for want of prosecution. (Rec. Doc. No. 31).

Petitioner filed another petition for writ of habeas corpus related to this same conviction and sentence entitled, Clifford Doleman v. N. Burl Cain, Warden, Civil Action 08-4424 "R"(6). In that petition, petitioner raised the following grounds for relief:

1) Petitioner has sufficient evidence showing that he is actually innocent of the crime charged;

2) The police lacked probable cause to stop and search petitioner's vehicle;

3) Petitioner has newly discovered evidence that demonstrates the lack of probable cause for the police to stop and search his vehicle and arrest him.

The Court transferred this second or successive petition to the United States Fifth Circuit Court of Appeals for petitioner to pursue authorization to proceed with his successive petition. The motion was denied. (No. 08-4424, Rec. Doc. # 7).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2

2)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that CLIFFORD DOLEMAN's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 10th day of November, 2009.

                                                                         UNITED STATES DISTRICT JUDGE